## CUNNINGHAM *v.* CITY OF GRIFFIN.

1. When an act amendatory of a city charter expressed in its title the purpose of such act to be, to amend the charter "so as to authorize the establishment of a city court," etc., the last was constitutionally amended by the passage of a third act in the title of which it was recited that the amendatory act was to be amended "so as to change the name of said court," etc., and in the body it was declared that such court should thereafter be known as the "criminal court" of said city, etc. It was not essential that the last act should undertake in terms to amend the title of the act it sought to amend.

2. Under a clause in the city charter conferring power on the municipal authorities to adopt such ordinances as they may deem proper "to secure order and quiet in the city," and "to protect the morals of the city," the mayor and council have authority to adopt an ordinance making it an offense against the municipality to "keep for sale, barter or exchange, any vinous, spirituous, or malt liquors within the corporate limits of the city."

3. The competency of a witness introduced for the prosecution, in a trial for the violation of such an ordinance, is not affected by the fact that his name was not endorsed upon the warrant or accusation.

4. The evidence warranted the conviction, the sentence imposed was not excessive, and the superior court committed no error in overruling the certiorari.

Argued March 20, — Decided April 17, 1899.

Certiorari. Before Judge Reagan. Spalding superior court. January term, 1899.

*Thomas E. Patterson*, for plaintiff in error.
*O. H. P. Slaton*, contra.

LITTLE, J.   Plaintiff in error petitioned the judge of the superior court for a certiorari to review the rulings of the judge of the criminal court of Griffin, made in a case of the Mayor and Council of Griffin against himself. In the trial of that case he was adjudged to have been guilty of a violation of an ordinance of Griffin, which prohibited any person from keeping for sale, barter, or exchange, any vinous, spirituous, or malt liquors within the corporate limits of the City of Griffin. The writ of certiorari was ordered to issue. The answer of the judge of the criminal court sets out the following as an ordinance of the City of Griffin, to wit: "Be it enacted, that from and after the passage of this ordinance, it shall be unlawful for any person to keep a 'blind tiger' or keep for sale, barter, or exchange, any vinous, spirituous, or malt liquors within the corporate limits of the City of Griffin. Any person convicted of a violation of the above ordinance shall be fined in a sum not to exceed $100, or punished by imprisonment in the chain-gang for a term not to exceed 60 days, either or both in the discretion of the court." The warrant charged the defendant with a violation of this ordinance. He appeared and pleaded to the jurisdiction of the court, on the ground that the act establishing it was unconstitutional. This plea was overruled. The defendant then demurred to the warrant, on the grounds that it charged no offense against him; that the municipal authorities of Griffin had no authority to adopt the ordinance in question, because the offense, as charged, was an attempt to commit a misdemeanor; and that the municipal authorities have only the right to regulate the sale of liquors, etc. The demurrer was overruled. The answer then sets out evidence which affirmatively shows that the defendant had sold whisky in the City of Griffin about the time charged in the warrant. Defendant was adjudged to be guilty, and sentenced to work on the chain-gang for sixty days, or to be discharged on the payment of a fine of one hundred dollars. On the hearing the certiorari was overruled by the judge of the superior court, and to this action defendant excepted.

1. An act of the legislature approved February 15, 1876 (Acts 1876, p. 142), in effect created a new charter for the City of Griffin, which had been originally incorporated in 1843. This act was amended by an act approved December 3, 1880, the title to which is "An act to amend the charter of the City of Griffin, so as to authorize the establishment of a city court in said city, to define the jurisdiction of the same, and for other purposes." (Acts 1880–1, p. 375.) This latter act was amended by an act approved December 16, 1897 (Acts 1897, p. 481), the title of which is, "An act to amend an act entitled 'An act to amend the charter of the City of Griffin, so as to establish a city court in said city,' . . so as to change the name of said court," etc. Section 2 of this amending act authorizes the establishment of a court in said city to be known as the criminal court of Griffin. Section 4 of the act, besides the grant of other jurisdiction, gives to this court exclusive jurisdiction of all violations of the ordinances of the city. Counsel for plaintiff in error insists that the act of 1897 is unconstitutional, because the caption differs from the body of the act, the caption of the original act not having been amended. We are unable to see the force of this contention. The act of 1880, provided for the creation of a city court in Griffin. The caption to that act was in consonance with its body, and was entitled, "An act to amend the charter of the City of Griffin, so as to authorize the establishment of a city court," etc. The caption of the act of 1897 recites that it is an act to amend the act of 1880 so as to change the name of the court created by that act. Such legislation, we think, was regular, constitutional, and legally accomplished the purpose for which it was intended. It was not necessary for the caption of the original act to have been changed or amended. The act provided for the creation of a city court, as was indicated by its title. The amendatory act by its title clearly expressed that the object of the amending act was to change the name of the court.

2. It is further contended that the municipal authorities of Griffin had no power to pass the ordinance for the violation of which the plaintiff in error was tried and convicted. We find no merit in this contention. By section 14 of the act incorpo-

rating the City of Griffin (Acts 1876, p. 142) power is expressly given to the mayor and council of the city "to adopt such ordinances and regulations as they may deem proper . . to secure order and quiet in the city, . . to protect the health of the city, . . to protect the morals of the city," etc. This is what is denominated a general welfare clause, and by its terms very full power is conferred on the municipal authorities to legislate for the general welfare of the inhabitants of the city. The point raised by the plaintiff in error was made, and expressly ruled on, in the cases of *Paulk* v. *Sycamore*, 104 *Ga.* 728, and *Brown* v. *Social Circle*, 105 *Ga.* 834. The doctrine that under such a "general welfare" clause in the act incorporating the city, the municipal authorities are invested with power to pass such ordinances, can not now be questioned.

3. On the trial objection was made to receiving the testimony of a witness for the State whose name was not endorsed on the warrant. We know of no rule of law which makes the competency of a witness depend upon the fact that his name is endorsed as a witness on the warrant or accusation. No authority to support such a contention was shown.

4. The evidence fully sustained the conviction. The plaintiff in error was fined the sum of $100, which was the limit imposed by the ordinance of the city. We have no disposition to control the discretion of the trial judge in imposing sentences on persons convicted of offences of this character. Certainly in this case there is no reason to do so. The judge of the superior court committed no error in overruling the certiorari, and his judgment is　　*Affirmed.　All the Justices concurring.*