# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1908.

---

### 1291. COGGINS *v.* CITY OF GRIFFIN.

1. The ordinance of the City of Griffin, which provides that "It shall be unlawful for any person to keep a blind tiger, or keep for illegal sale, barter, or exchange any vinous, spirituous, or malt liquors within the corporate limits of the city," is a valid exercise of authority, under the general welfare clause of the municipal charter; and is enforceable notwithstanding any of the provisions of the general prohibition act of 1907.
2. The keeping of the liquor and the purpose of the keeping may be inferred from a single sale of it.
3. It is not necessary to show continuous keeping or frequent sales, in order to authorize a conviction under the above-quoted ordinance.

Petition for certiorari, from Spalding superior court—Judge Reagan. June 16, 1908.

Submitted October 6,—Decided October 21, 1908.

This case came here upon exceptions to the refusal of the judge of the superior court to sanction a certiorari brought to review the conviction of the petitioner in the police court of Griffin. The accusation is not in the record, but it is recited that he stood "charged with the offense of keeping for sale a certain quantity of spirituous and intoxicating liquor in the city of Griffin on the second day of May, 1908, in violation of the city ordinance." A copy of the ordinance appears in the record and is as follows: "It shall be unlawful for any person to keep a blind tiger or keep for illegal sale, barter, or exchange any vinous, spirituous, or malt liquors within the corporate limits of the city of Griffin."

The accused demurred to the accusation, on the following grounds: "That the offense charged in said accusation is an offense against a penal statute of this State, to wit: Georgia Laws 1907 [the State Prohibition Act], p. 81, and the City of Griffin has no power or authority to try this defendant for said offense. The enactment by the General Assembly of the said statute, making it a State offense to keep liquor for sale, deprived the municipal authorities of the City of Griffin (they having no jurisdiction over State offenses) of the power to try and punish this defendant for committing the act alleged in the accusation." The proof was that the defendant, in a certain railroad cut in Griffin, made two separate sales of whisky to the witness for the prosecution.

*Cleveland & Goodrich,* for plaintiff in error.

*William E. H. Searcy Jr.,* contra.

POWELL, J. (After stating the foregoing facts.)

1. That the very ordinance in question was valid prior to the passage of the general prohibition act was settled by the Supreme Court in the case of *Cunningham* v. *Griffin,* 107 *Ga.* 690 (33 S. E. 664). We have decided that it is still enforceable. Since we are, at this sitting of the court, discussing at length, in the case of *Callaway* v. *Mims,* post, 10, the effect of the prohibition act of 1907 upon the authority of municipal corporations to pass ordinances of the character of the present one, we will not go into elaboration here.

2. It is too well established by judicial precedent to be considered an open question that proof of a single illegal sale is sufficient to authorize the finding that the liquor was kept for the purpose of illegal sale. *Sawyer* v. *Blakely,* 2 *Ga. App.* 161 (58 S. E. 399), and cit.

3. The contention that the words of the ordinance, "or keep for illegal sale," etc., are restricted in their meaning by their association in the context with the word "blind tiger" is disposed of adversely to the plaintiff in error, by reference to the decision in the case of *Cunningham* v. *Griffin,* supra, for the report of the testimony in that case does not disclose that the defendant made more than a single sale. We do not think that the keeping need be continuous, or the sales frequent, to constitute a violation of the ordinance.          *Judgment affirmed.*