### 39535. CLARY, by Next Friend v. HOSPITAL AUTHORITY OF THE CITY OF MARIETTA.

CARLISLE, Presiding Judge. 1. Ordinarily, a physician or surgeon on the staff of a hospital is not an employee of such

hospital, and in the absence of allegations that the hospital was negligent in the selection of an unskilful physician or surgeon or that the hospital undertook to direct him in the way and manner of treating the patient, the hospital is not liable for the mere negligent performance of professional services by a physician or surgeon on its staff. *Black v. Fischer*, 30 Ga. App. 109, 111 (117 SE 103). The rule is different with respect to the liability of a noncharitable hospital for the negligence of nurses, orderlies, and other servants employed by it. *Piedmont Hospital v. Anderson*, 65 Ga. App. 491 (16 SE2d 90).

2. A physician or surgeon, being an independent contractor following a separate calling (Schloendorff v. Society of New York Hospital, 211 N. Y. 125, 105 NE 92), under the rule announced in the first headnote, the mere allegation that the hospital was negligent in allowing or permitting a duly licensed physician or surgeon to practice a branch of surgery or medicine in which he was not specially skilled is not sufficient to render the hospital liable to a patient for injuries inflicted on the patient solely by reason of the negligence of the doctor.

3. Neither is such hospital liable for failure to furnish proper equipment for use by the physician or surgeon in the performance of routine surgical procedure where the petition shows that the use by the doctors of improper equipment (an adult size bronchoscope on an infant) was at a time when no emergency or special urgency required the use of such instrument and the choice of using it or not using it was exclusively that of the physician or surgeon performing the procedure. *Emory University v. Porter*, 103 Ga. App. 752 (120 SE2d 668).

4. The petition in the instant case reduced to its barest essentials alleges that the plaintiff, an infant some two weeks of age at the time of the occurrence complained of, was a patient at the defendant hospital, and also a patient of the individual defendant doctors; that the individual defendants were duly licensed and qualified medical doctors, one practicing general surgery and the other engaged in the general practice of medicine but not engaged in any specialty; that while plaintiff was a patient in the defendant hospital the defendant doctors undertook to perform a routine broncho-

scopic examination of the plaintiff (which procedure was alleged to be a surgical one within the field of thoracic surgery); that the defendant doctors were not skilled or specialists in the field of thoracic surgery but, nevertheless, undertook to perform the procedure by the use of an adult size bronchoscope, and in the performance thereof inflicted personal injuries and damages on the plaintiff for which he sues. The defendant hospital was alleged to have been negligent in allowing the individual defendants to practice thoracic surgery contrary to its bylaws and rules and regulations and the accepted standards of medicine, in failing to cancel such procedure after it had knowledge of the intent of the individual defendant doctors to perform it, in not keeping proper information flowing to its committee on credentials so as to prevent the performance of such operation by the defendants, in that its chief of surgery failed to intervene and prevent the performance of the operation after having knowledge that it was to be performed, in failing to apprize the plaintiff's father of the plaintiff's condition so as to insure proper and prompt medical care after the performance of the procedure, in failing to provide an infantile size bronchoscope for use in the operation and in failing to have the operating room properly equipped. The judge of the superior court did not err in sustaining the general demurrer of the hospital authority and in dismissing the petition as to that defendant.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

DECIDED MAY 22, 1962—REHEARING DENIED JUNE 13, 1962.

*Grubbs & Prosser, Jordan H. Prosser, J. M. Grubbs, Jr.,* for plaintiff in error.

*Lawrence B. Custer, Reed, Ingram & Flournoy, Raymond M. Reed, Edwards, Bentley, Awtrey & Bartlett, Scott S. Edwards, Jr., Hansell, Post, Gardner, Brandon & Dorsey, Hugh Wright,* contra.