46413. JOINER v. MITCHELL COUNTY
HOSPITAL AUTHORITY et al.
46574. JOINER v. GONZALEZ.

Evans, Judge. Mrs. Austin Joiner filed suit against Mitchell County Hospital Authority and Arturo Gonzalez, as joint defendants. She alleged that she brought her husband to the hospital at 11 o'clock at night, while he was suffering with chest pains, and that he was examined by Arturo Gonzalez, who held himself out to the public as a qualified and skilled physician, and that said Gonzalez was in fact on the staff of said hospital. Her husband was not admitted to the hospital, nor was his condition treated seriously, but on the contrary said Gonzalez advised that his condition was not of a serious nature, merely gave him a prescription and suggested that he return home as hospitalization was not needed. Plaintiff alleges that relying on Gonzalez' advice, she and her husband returned home, but because his condition worsened and he continued to suffer severe chest pains, within one and one-half hours she started back to the hospital with her husband but he died before reaching same. Plaintiff alleged that defendant Gonzalez was negligent in failing to make an adequate and proper exami-

nation; failing to admit her husband to the hospital for more extensive examination, diagnosis and treatment; and that the defendant hospital was negligent in failing to require satisfactory proof of the professional qualification of said Gonzalez as a practicing physician; in failing to make any investigation into his qualifications, character or background, and in failing to exercise care in determining his professional competency and moral character. Both defendants denied negligence and liability, and moved for summary judgment, in support of which the affidavits of the hospital's administrator and the doctor were offered in evidence. Both defendants also filed their answers to certain interrogatories with reference to the practice and procedures of said hospital as to admission of patients and as to treatment of plaintiff's husband in this instance. Plaintiff filed her affidavit in opposition thereto. *Held:*

1. On motion for rehearing counsel for the hospital authority make a most persuasive argument that we have overlooked testimony that the doctor was a qualified physician and that we have overlooked and misapplied certain decisions. It is true that the evidence shows the doctor was a licensed Georgia physician, hence we therefore amend our opinion accordingly.

The Authority seeks to absolve itself from liability in that it leaves the screening of candidates for the admission to the medical staff of the hospital to the existing members of said staff, which is composed of doctors already admitted thereto. This is not defensive, as these members of the staff are agents of the Hospital Authority and it is responsible for any default or negligence on its part in properly selecting new members of the staff. Indeed, the law authorizes this duty to be delegated to the staff. New Georgia Health Code (Title 88, as amended, § 88-1804; Ga. L. 1964, pp. 499, 601; 1965, pp. 347, 348); Rule 270-3-2.01 (1) through (8), Official Compilation, Rules and Regulations· of State of Georgia, Department of Public Health).

But even so, the evidence is still insufficient to establish as a matter of law that the hospital is absolved of all blame. In *Clary v. Hospital Authority,* 106 Ga. App. 134 (1) (126 SE2d 470) it was held that a hospital is not liable in the absence of allegations that it was negligent in the selection of an unskilled physician, which is the very contention of the plaintiff here. The hospital must act *in good faith* and with *reasonable care* in the selection of a physician, and it has fulfilled its obligation, and cannot be held liable when it "selects an authorized physician in good standing in his profession." *Black v. Fischer,* 30 Ga. App. 109, 111 (117 SE 103).

The affidavit of E. K. Harrell, hospital administrator, that "when a doctor responds to a call the method or manner of diagnosis or treatment of patients is a matter left to his sole discretion," satisfies one of the requirements of *Clary v. Hospital Authority,* 106 Ga. App. 134 (1), supra, that the hospital did not undertake to direct the doctor in the way or manner of treating the patient; but another statement in said affidavit to the effect that the doctor was appointed to the staff "only after he had been considered and recommended as a qualified physician licensed to practice medicine . . ." and would not have been appointed had he not been recommended by the other members of the medical staff, fails to overcome the averment of the plaintiff that the hospital was negligent in the selection of an unskilled physician. See the *Clary* case, supra. The contentions of the plaintiff are that he was an unskilled physician and that the hospital was negligent in his selection. The mere fact that he was a licensed physician of the State of Georgia recommended by the other doctors on the staff as required by law does not overcome the averments that the hospital was negligent in failing to exercise care in determining his professional competency, should it later appear by evidence that the doctor was an incompetent or unskilful physician.

The only inference that can be drawn from the affidavit is

that the members of the hospital staff recommended him. On motion for summary judgment, the pleadings of the opposing party must be taken as true until it appears beyond controversy otherwise that no fact issue exists. See *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 742 (123 SE2d 179); *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309 (138 SE2d 433); *Durrett v. Tunno,* 113 Ga. App. 839, 841 (149 SE2d 826); *State Farm Mut. Auto. Ins. Co. v. Wendler,* 115 Ga. App. 452, 455 (154 SE2d 772). The pleadings have not been pierced by the evidence before the court on motion for summary judgment as to the Hospital Authority.

2. Gonzalez' affidavit seeks to excuse himself from liability by showing that he gave the proper treatment and examination, and that he did not admit him to the hospital because the husband rejected his invitation to be admitted and declined to become a patient. The plaintiff denied Gonzalez' contention that her husband did not want to become, and refused to become, a patient. There is also considerable conflicting testimony in the interrogatories and affidavits as to the examination and treatment of the patient by the doctor, and the doctor's statement that he gave a "proper" examination and treatment is, of course, an opinion and is never sufficient to authorize the grant of a motion for summary judgment. *Ginn v. Morgan,* 225 Ga. 192, 193 (167 SE2d 393); *Truluck v. Funderburk,* 119 Ga. App. 734 (168 SE2d 657); *Williams v. Melton,* 120 Ga. App. 466 (171 SE2d 318); *Harrison v. Tuggle,* 225 Ga. 211 (2) (167 SE2d 395). As to whether or not the examination and treatment was proper remains a question to be decided by a jury.

3. Both the defendant hospital and the defendant doctor have failed to carry the burden of proof required in a motion for summary judgment, where the evidence must be construed most favorably towards the party opposing such motion and most unfavorably towards the movant. § 56, CPA (*Code Ann.* § 81A-156 (c); Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238); *Holland v. Sanfax Corp.,* 106

Ga. App. 1, 4 (126 SE2d 442). As the evidence shows there remain genuine issues as to material facts, the court erred in granting the motions for summary judgment.

*Judgments reversed. Jordan, P. J., and Quillian, J., concur.*
ARGUED SEPTEMBER 13, 1971—DECIDED OCTOBER 8, 1971—REHEARING DENIED NOVEMBER 16, 1971— 

*H. Thaxton Monk, Jr., Ben L. Bateman,* for appellant.

*Twitty & Twitty, Perry, Walters, Langstaff, Lippitt & Campbell, Robert B. Langstaff, Frank C. Vann,* for appellees.