Frances HARRIS, Appellant,

v.

GALVESTON COUNTY, Appellee.

No. B14–89–1061–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 11, 1990.

Rehearing Denied Nov. 15, 1990.

Joe Alfred Izen, Jr., Bellaire, L.T. Bradt, Houston, for appellant.

Scott Lyford, Galveston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is a negligence suit in which recovery is sought for personal injuries allegedly sustained by Appellant during surgery at Mainland Center Hospital, a hospital owned by Appellee. The trial court entered a take-nothing summary judgment in favor of Appellee. We affirm.

On the recommendation of her physician, Dr. Wagner, appellant was hospitalized for a cervical myelogram at Mainland Center Hospital. Following the myelogram, Dr. Borne, a neurosurgeon, performed surgery on Appellant's neck on September 15, 1983. The surgery allegedly rendered appellant a quadraplegic.

Appellant sued Mainland Center Hospital and its Credentials Committee, Dr. Wagner, Dr. Borne, Nurse Gilder, Appellee and numerous other defendants for negligence in connection with the surgery. The trial court granted the motions for summary judgment of several defendants and severed them from the lawsuit, leaving only Dr. Wagner, Dr. Borne, Nurse Gilder and Appellee as defendants. Appellee was then severed in order to perfect this appeal.

Appellant alleged a cause of action against appellee in her second amended petition for "negligent monitoring of staff physicians" under the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.001–101.109 (Vernon 1986). Appellee filed special exceptions to Appellant's allegation of "negligent monitoring of staff physicians", asserting that appellant had failed to state a cause of action that would bring her within the waiver of immunity under the Act. On March 9, 1987, the trial court sustained Appellee's special exceptions and ordered that appellant's cause of action against appellee for negligent monitoring of staff physicians be stricken. Appellee filed its motion for summary judgment on December 22, 1988, and Appellant amended her petition on February 21, 1989. In her third amended petition, Appellant alleged a cause of action against Appellee for "negligent entrustment of county facilities and personal property." She also alleged, for the first time, a cause of action

for negligent post-operative use of personal property by Appellee. Subsequently, the trial court granted Appellee's motion for summary judgment and severed the action against Drs. Wagner and Borne. In two points of error, Appellant contends that the trial court erred in granting Appellee's motion for summary judgment.

Summary judgment is proper if the movant establishes, as a matter of law, that there are no genuine issues of material fact. *McFadden v. American United Life Insurance Company*, 658 S.W.2d 147, 148 (Tex.1983). Generally, whether the pleadings state a cause of action may not be resolved by summary judgment. The complaining party must first file special exceptions and plaintiff must be allowed an opportunity to amend. *Massey v. Armco Steel Co.*, 652 S.W.2d 932 (Tex.1983). However, summary judgment is proper where the facts alleged by plaintiff establish the absence of a right of action or an insuperable barrier to recovery. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972).

In her first point of error Appellant asserts that the trial court erred in granting Appellee's motion for summary judgment.

The statutory waiver of governmental immunity is found in section 101.021 of the Civil Practice and Remedies Code. This section provides a waiver of immunity for injuries caused by a condition or use of tangible personal or real property owned by a governmental unit. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986). Additionally, the section requires that the injury be caused by the wrongful act or negligence of an *employee* acting within the scope of his employment with the governmental entity. TEX.CIV.PRAC. & REM. CODE ANN. § 101.021(1) & (2) (Vernon 1986). Therefore, to allege a cause of action under the Texas Tort Claims Act, a plaintiff must allege either defective or inadequate property, or use of property, by an employee of the governmental unit. *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30, 32 (Tex.1983).

In the instant case, Appellant failed to allege that the property "entrusted" to Dr. Borne by Appellee was in any way defective or inadequate. Further, Appellant has failed to allege that Dr. Borne was an employee of Mainland Center Hospital. Generally, a physician is considered to be an independent contractor with regard to hospitals at which he has staff privileges. *Hale v. Sheikholeslam*, 724 F.2d 1205 (5th Cir.1984); *Jeffcoat v. Phillips*, 534 S.W.2d 168, 173 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). The Texas Tort Claims Acts provides that an independent contractor is not an employee. TEX.CIV.PRAC. & REM.CODE ANN. § 101.001(1) (Vernon 1986). Thus, if we assume the facts alleged by Appellant are true, they do not establish a right of action under the Act against Appellee.

Appellant urges this court to liberally construe the provisions of the Texas Tort Claims Act.[1] However, we cannot impose liability beyond that limited by the Act's provisions. *Marshbank v. Austin Bridge Co.*, 669 S.W.2d 129, 133 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.), *overruled in part on other grounds sub nom. Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634 (Tex.1989). Point of error number one is overruled.

In her second point of error, Appellant asserts that the trial court erred in granting the summary judgment because her claim against Appellee for negligent post-operative care is not barred by the statute of limitations. Appellant failed to plead facts to support her allegation of negligent post-operative care until she filed her third

---

1. Section 13 of Tex.Rev.Civ.Stat.Ann. art. 6252–19 provided that the Texas Tort Claims Act should be liberally construed to achieve its purposes. That provision was omitted from the Act as amended in the Civil Practice and Remedies Code. The revisor's note at the end of Chapter 101 of the Civil Practice and Remedies Code provides that in construing the statute, the objects sought to be obtained by the statute should be considered in accordance with section 3.03 of the Code Construction Act, Tex.Rev.Civ.Stat. Ann. art. 5429b–2. Also, the revisor's note refers to art. 10, subdivision 8 of the Tex.Rev.Civ. Stats.Ann. which "provides that statutes in derogation of the common law are to be liberally construed 'to effect their objects and to promote justice.'"

amended petition on February 20, 1989, more than five years after the alleged occurrence. Until that time, Appellant's specific allegations of negligence against Appellee were based solely on the injuries allegedly sustained during her surgery.

■ In a case originally filed before the expiration of the limitations period, the test for determining whether the statute of limitations bars a cause of action alleged in an amended petition is whether the cause of action alleged in the amended petition is wholly based upon and grows out of a new, distinct or different transaction or occurrence. *Meisler v. Republic of Texas Savings Assn.*, 758 S.W.2d 878, 881 (Tex.App.—Houston [14th Dist.] 1988, no writ). The Civil Practice and Remedies Code provides that:

> If a filed pleading relates to a cause of action, cross-action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct or different transaction or occurrence.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.068 (Vernon 1986).

■ The cause of action asserted in Appellant's original petition is based on an entirely different transaction or occurrence than that alleged in her third amended petition. The original cause of action was based upon specific acts of negligence which allegedly occurred during and immediately after the operation of September 15, 1983. The cause of action alleged in the third amended petition is based upon Appellee's alleged post operative failure "to obtain a large enough circular bed" for Appellant. While the alleged failure to obtain a bed of the correct size for Appellant may have occurred close in time to the operation, and the bed made necessary by the operation, the cause of action for negligence in connection with the surgery and the cause of action for this alleged post-operative negligence for failure to provide an

adequate bed are based upon *separate,* new and distinct transactions or occurrences. The cause of action based upon post-operative negligence in failing to provide a bed of sufficient size does not relate back to the filing of the original petition; therefore, it is barred by the two-year statute of limitations. Point of error number two is overruled.

Accordingly, the judgment of the trial court is affirmed.