A93A2182. CANDLER GENERAL HOSPITAL, INC. v. PERSAUD et al.
(442 SE2d 775)

BEASLEY, Presiding Judge.

The administrators of Persaud's estate filed this medical-mal-

practice/wrongful-death renewal action against Candler General Hospital, Dr. Freeman, his professional association, and Dr. Thomas. We granted Candler's application for interlocutory appeal of the denial of its motion for summary judgment.

On about February 15, 1990, decedent was referred to Dr. Freeman for consultation and treatment of gallstones, which were infected. He recommended that she undergo a surgical procedure known as a laparoscopic cholecystectomy. On February 16, Dr. Freeman requested that the hospital grant him temporary privileges to perform this procedure with an experienced laparoscopist. He submitted a certificate of completion of a laparoscopic laser cholecystectomy workshop which he took on February 10, 1990. The president of the hospital granted these privileges to Dr. Freeman on the terms requested by him on the same day he made the request. The procedure was performed by Dr. Freeman, assisted by Dr. Thomas, on February 20.

The complaint, supported by an expert's affidavits, alleges that the procedure was performed by the doctors negligently, as a result of which Persaud bled to death. The complaint charges Candler with negligence in permitting Freeman, assisted by Thomas, to perform this procedure on decedent without having instituted any standards, training requirements, protocols or otherwise instituted any method for judging the qualifications of a surgeon to perform such procedure. It alleges that Candler knew or reasonably should have known that it did not have a credentialing process which could have assured the hospital of the doctors' education, training, and ability to perform this procedure.

Candler sought summary judgment. It pointed out that plaintiffs' own expert testified that Freeman and Thomas did not deviate from the applicable standard of care in the performance of the laparoscopic cholecystectomy. It argued that the evidence is thus undisputed that there is no element of causation, even assuming arguendo that Candler negligently credentialed Freeman and negligently allowed the surgery to go forward. Candler later added that under Georgia law, the mere allegation that a hospital was negligent in allowing or permitting a duly licensed physician or surgeon to practice a branch of surgery or medicine in which he was not specially skilled, is not sufficient to render the hospital liable to a patient for injuries inflicted on the patient solely by reason of the doctor.

In support of the latter theory, Candler submitted the affidavit of the chairman of Candler's department of surgery, who along with other members of the surgery department makes recommendations to the president of the hospital regarding extension of staff privileges to surgeons. He testified that prior to the surgery in question Freeman had been appointed to the active surgical staff at Candler for general

surgical privileges, which included general abdominal surgery and cholecystectomy. He was personally aware that Dr. Freeman had accomplished many cholecystectomies and was experienced and competent in this surgical procedure. The chairman testified in effect that the hospital was not negligent either in its appointment or retention of Dr. Freeman on Candler's surgical staff.

Candler also relied on an exhibit as showing that Dr. Thomas was an experienced, qualified laparoscopist on the staff of Candler with training in laser technique. However, plaintiff's expert testified that Dr. Thomas is a gynecologist who acted as assistant surgeon in this case, and that Dr. Thomas admits he does not possess the skills in the procedure of laparoscopic laser cholecystectomy.

The trial court denied Candler's motion for summary judgment, on the ground that plaintiffs' evidence is sufficient to raise a question of fact regarding whether a surgical permit should have been issued by the hospital to Dr. Freeman.[1]

1. Candler's argument on appeal is that under the holding in Division 2 of *Clary v. Hosp. Auth. of the City of Marietta*, 106 Ga. App. 134, 135 (126 SE2d 470) (1962), there is no cause of action against a hospital based solely on the issuance of a surgical permit for a specific procedure to an independent surgeon already duly and properly appointed to its active surgical staff.

*Clary* supports Candler's argument.

In *Clary*, plaintiff was a patient, at the defendant hospital, of the individual defendant doctors, a general surgeon and a general practitioner. Plaintiff alleged that the hospital was negligent in knowingly allowing the doctors who were not specialists to practice a routine procedure within the field of thoracic surgery contrary to its bylaws, rules and regulations, and accepted standards of medicine.

We held in Division 1: "Ordinarily, a physician or surgeon on the staff of a hospital is not an employee of such hospital, and in the absence of allegations that the hospital was negligent in the selection of an unskillful physician or surgeon or that the hospital undertook to direct him in the way and manner of treating the patient, the hospital is not liable for the mere negligent performance of professional services by a physician or surgeon on its staff. [Cit.]" 106 Ga. App. at 134-135 (1).

We further held in Division 2: "A physician or surgeon, being an

---

[1] In their complaint, plaintiffs also asserted claims against the doctors for failure to obtain decedent's informed consent, and Candler was charged with negligence in permitting the doctors to perform the surgery without her informed consent. Plaintiffs' counsel later conceded that Candler was not bound by the terms of Georgia's informed-consent statute. For this reason, this issue was not mentioned in the court order denying Candler's motion for summary judgment. After the order was entered, Candler asked that the order be clarified to show that Candler is entitled to summary judgment on this issue. The court did so.

independent contractor following a separate calling (cit.), under the rule announced in the first headnote, the mere allegation that the hospital was negligent in allowing or permitting a duly licensed physician or surgeon to practice a branch of surgery or medicine in which he was not specially skilled is not sufficient to render the hospital liable to a patient for injuries inflicted on the patient solely by reason of the negligence of the doctor."

2. However, the doctrine of independent negligence, as expounded by the Georgia Supreme Court in *Joiner v. Mitchell County Hosp. Auth.*, 125 Ga. App. 1, 2 (1) (186 SE2d 307) (1971), aff'd 229 Ga. 140 (189 SE2d 412) (1972), authorizes the imposition of liability against a hospital under the allegation stated in Division 2 of *Clary*.

Plaintiff Joiner, who had brought her husband into the hospital for emergency treatment, alleged that the negligence of the treating physician who was on the staff of the hospital resulted in her husband's death. She also sought to hold the hospital liable, not under the doctrine of respondeat superior or principal and agent, but rather upon the doctrine of independent negligence, in permitting the alleged negligent physician to practice his profession in the hospital when his incompetency was known. 229 Ga. at 141. Joiner identified negligence as failing to investigate and require satisfactory proof of the physician's qualifications and as failing to exercise care in determining his professional competency.

This court held that while the hospital satisfied one of the requirements of *Clary* by showing that it did not undertake to direct the doctor in the way or manner of treating the patient, it failed to overcome plaintiff's averment that it was negligent in the selection of an unskilled physician.

The Supreme Court granted certiorari to review this court's decision with respect to the responsibility of a hospital authority in permitting an unqualified physician to serve on its staff, although such physician holds a valid license from the state to practice medicine. 229 Ga. at 141. It affirmed this court and stated that under decisions it had rendered (since *Clary*), a hospital has authority to examine the qualifications of any physician seeking staff privileges and to limit his or her practice to those procedures or areas it deems the physician qualified for, or to completely bar the physician from such practice because of incompetency, lack of qualifications, inexperience or recklessness. 229 Ga. at 142.

The question in this case is whether this authority recognized by the Supreme Court in *Joiner* gives rise to a duty which the hospital owes to a patient when: (1) the patient rather than the hospital selected the independent staff surgeon to perform the procedure at issue, and (2) the hospital was allegedly negligent, not in its appointment or retention of the surgeon on its staff, but rather in its grant to

him of privileges to practice a procedure which he allegedly was not qualified to perform.[2]

As have cases in other jurisdictions, we interpret *Joiner* as authority in support of the proposition that a hospital has a direct and independent responsibility to its patients to take reasonable steps to ensure that staff physicians using hospital facilities are qualified for privileges granted. *Johnson v. Misericordia Community Hosp.*, 301 NW2d 156, 165 (4) (Wis. 1981); see *Pedroza v. Bryant*, 677 P2d 166, 169, 171 (Wash. 1984); *Elam v. College Park Hosp.*, 183 Cal. Rptr. 156, 164 (8) (4th Dist. 1982). The hospital did owe a duty to plaintiffs' decedent to act in good faith and with reasonable care to ensure that the surgeon was qualified to practice the procedure which he was granted privileges to perform. While there is no evidence of the surgeon's curtailment or denial of staff privileges at other hospitals as in *Johnson*, or of any prior malpractice claim as in *Elam*, Candler does not dispute that there is a material issue of fact on the question of whether it was negligent in its grant of the staff privileges requested. Compare *Sheffield v. Zilis*, 170 Ga. App. 62, 63 (1) (316 SE2d 493) (1984).

*Judgment affirmed. Cooper, J., concurs. Smith, J., concurs in the judgment only.*

DECIDED FEBRUARY 28, 1994 —
RECONSIDERATION DENIED APRIL 1, 1994 —

*Bouhan, Williams & Levy, Joseph A. Mulherin III, Frank W. Seiler*, for appellant.

*Beckmann & Pinson, William H. Pinson, Jr., Roberson & Haugabrook, David Roberson, Fendig, McLemore, Taylor & Whitworth, James B. Durham*, for appellees.

---

[2] Plaintiffs also argue that by issuing the surgical permit Candler undertook to direct Freeman in the way and manner of treating the patient. However, this is a ground for holding the hospital vicariously liable for Freeman's negligence. See *Pogue v. Hosp. Auth. of DeKalb County*, 120 Ga. App. 230 (170 SE2d 53) (1969). Plaintiffs have asserted no such claim in their pleadings and did not advance this argument in the trial court. It cannot now be urged. *Kennedy v. Johnson*, 205 Ga. App. 220, 222 (1) (421 SE2d 746) (1992).