A95A0887. RAMEY et al. v. HOSPITAL AUTHORITY OF HABERSHAM COUNTY et al.
(462 SE2d 787)

BIRDSONG, Presiding Judge.

This is a medical malpractice case arising from the death of Rebecca Leigh Ramey during childbirth. Dr. Sheldon E. Baum, Ramey's attending physician, is alleged to have issued instructions regarding blood typing and matching and to have delayed necessary surgery that caused Rebecca Ramey to go into shock and die because of blood lost during a cesarean section. Casey Matthew Ramey, a minor child, by Ruthann Kinney, individually, and as administratrix of the estate of Rebecca Leigh Ramey, filed this action against Dr. Baum, the Hospital Authority of Habersham County d/b/a Habersham County Medical Center ("the hospital authority"), the medical staff of the Habersham County Medical Center ("the medical staff"), David A. Bray, M. D., and Lawrence Grench, M. D. Subsequently, the medical staff and Dr. Bray moved to dismiss the action against them because, as the medical staff and the chief of staff, they were not capable of being sued independently from the hospital authority, but if they were, they were entitled to charitable immunity.

The issues in this appeal are whether the medical staff and the chief of staff of the hospital were properly dismissed from the action because a medical staff and a chief of staff are not separate legal entities, apart from the hospital, which could be sued, and if they could be sued, whether they were entitled to charitable immunity. The trial court found that although the hospital staff and the chief of staff were entities capable of being sued, Ramey could not maintain the action

because these parties were nevertheless entitled to charitable immunity. Pursuant to the trial court's certification of its dismissal under OCGA § 9-11-54 (b), this action was appealed to this Court. *Held*:

1. Under OCGA § 9-2-25 (a) "[a]ctions may be maintained against and in the name of any unincorporated organization or association for any cause of action for or upon which the plaintiff therein may maintain such an action against the members of the organization or association." Thus, our initial consideration is whether the medical staff is an unincorporated organization or association that may be sued under this Code section.

Inherent in this consideration is the question whether the medical staff is a separate entity so that an action may be maintained against the medical staff independently of an action against the medical center. Under the rules and regulations promulgated by the Georgia Department of Human Resources governing hospitals, hospitals are under the control of a governing body. Ga. Comp. R. & Regs. §§ 290-5-6-.01 (1); 290-5-6-.02 (f). In accordance with these rules, the professional staff is organized under and is responsible to the governing body of the hospital and is responsible for the quality of the care provided in the hospitals and for the ethical and professional practices of the members of the professional staff. Ga. Comp. R. & Regs. § 290-5-6-.01 (7). Nevertheless, these rules and regulations provide that it is the governing body which is responsible for compliance with all applicable laws and regulations and for the ethical and professional practices of the professional staff. Ga. Comp. R. & Regs. § 290-5-6-.01 (9). Further, under the law of this state, the hospital authority, and not the medical staff, is responsible for selecting staff members. *Mitchell County Hosp. Auth. v. Joiner*, 229 Ga. 140, 142 (189 SE2d 412); *Joiner v. Mitchell County Hosp. Auth.*, 125 Ga. App. 1 (186 SE2d 307). In this case, the relationship between the hospital authority and the medical staff is further controlled and defined through the bylaws. Under these bylaws, the medical staff is clearly subordinate to and dependent upon the hospital authority. Significantly, the bylaws provide that the "staff is an integral part of the Medical Center and is not a separate legal entity."

Therefore, we find that as a matter of fact and law, the medical staff and its chief of staff are not separate, independent entities capable of being sued independently of the hospital authority. Although we find that the trial court erred on this point, we need not reverse the trial court because the trial court dismissed the complaint against these defendants based on the charitable immunity doctrine. A correct decision of a trial court will not be reversed, regardless of the reasons stated. *Ely v. State*, 192 Ga. App. 203, 205 (384 SE2d 268).

2. Because we have determined that the medical staff and the chief of staff cannot be sued as separate entities, we need not address

the other enumerations of error challenging the trial court's other bases for dismissing the action against these defendants.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

Decided October 2, 1995 —

Smith, White, Sharma & Halpern, Larry J. White, Toliver & King, A. Leroy Toliver, for appellants.

Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Sullivan, Hall, Booth & Smith, Terrance C. Sullivan, David V. Johnson, for appellees.

Alston & Bird, Jack S. Schroder, Jr., Kimberly A. Ackourey, amici curiae.