**Clara MITCHELL, Appellant,**

v.

**SHEPPERD MEMORIAL HOSPITAL, Appellee.**

**No. 3–88–081–CV.**

Court of Appeals of Texas, Austin.

Aug. 8, 1990.

Rehearing Denied Sept. 12, 1990.

R. Louis Bratton, Gibbins, Bratton & Pan, Austin, for appellant.

Bruce E. Anderson, Davis & Davis, P.C., Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

Appellant Clara Mitchell appeals from a summary judgment granted in favor of Shepperd Memorial Hospital. In the underlying medical malpractice action, Mitchell sought recovery from the hospital for damages allegedly caused by two physicians who treated her in the hospital's emergency room. Mitchell complains in one point of error that the trial court erred in granting the hospital's summary judgment and in holding that she had no right of recovery under the Texas Tort Claims Act ("the Act"). Tex.Civ.Prac. & Rem. Code Ann. § 101.001, et seq. (1986 & Supp. 1990). We will affirm the judgment.

## BACKGROUND

In 1982 Clara Mitchell went to the emergency room of Shepperd Memorial Hospital seeking medical care for severe hip injuries. Mitchell did not request any physician by name. She was treated by an emergency room physician and a radiologist, and the hospital billed her directly for services.

Mitchell brought suit against the hospital alleging that the treating physicians, as agents or employees of the hospital, were negligent in their care of her. The hospital denied liability for any alleged negligent acts on the part of the doctors and moved for summary judgment. The summary judgment evidence established that Shepperd Memorial Hospital is owned and operated by the Burnet County Hospital Authority and that this Authority is a general authority established pursuant to state law.

At the hearing on the hospital's motion, the trial court found that the hospital was a "governmental unit" and that the treating physicians were not "employees" of the hospital, as those terms are defined in the Texas Tort Claims Act.[1] The trial court ruled that because the hospital did not waive sovereign immunity except with regard to the acts or omissions of *employees,* it was not liable for the treating physicians in this case.

## DISCUSSION AND HOLDINGS

Section 101.021 of the Act sets forth the grounds for imposing liability upon a governmental unit:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (1986). Consequently, except as specifically waived by the Act, a governmental unit

---

**1.** (1) 'Employee' means a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, *but does not include an independent contractor, an agent or employee of an independent contractor,* or a person who performs tasks the details of which the governmental unit does not have the legal right to control.

(2) 'Government unit' means:

(A) this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;

(B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, and river authority; and

(C) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

Tex.Civ.Prac. & Rem.Code Ann. § 101.001(1), (2) (1986 & Supp.1990) (emphasis added).

is immune from liability under the doctrine of sovereign immunity. *See City of Austin v. Cooksey,* 570 S.W.2d 386, 387 (Tex. 1978); *Whipple v. Deltscheff,* 731 S.W.2d 700, 705 (Tex.App.1987, writ ref'd n.r.e.).

### A. "Employee" defined

Mitchell argues, however, that section 101.021(2) of the Act (distinguished from subdivision (1) of that section) contains no requirement that the personal injury or death be a result of actions of an "employee." Mitchell additionally urges that the doctrine of ostensible agency applies in this case since the Act clearly provides that the hospital is liable to her "if the [hospital] would, were it a private person, be liable to [her] according to Texas law." Texas Tort Claims Act, § 101.021.

We do not agree with either of Mitchell's contentions. The issue to be decided is whether section 101.021(2) of the Act requires that the injury caused by the use of tangible property be caused by the negligent act or omission *of an employee* of the hospital. A governmental unit is liable for "personal injury and death *so caused* by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Section 101.021(2) (emphasis added). Because section 101.021(2) refers to personal injury and death "so caused," it is necessary, as a matter of statutory construction, to look to the preceding sections to determine how, in fact, such injury must be caused before a governmental unit waives its sovereign immunity.

There are three possible antecedent phrases in subdivision (1) of section 101.021 to which "so caused" may refer. First, as the trial court found, the phrase could refer to personal injury and death "proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of his employment...." Second, it could refer to personal injury and death arising from the operation or use of motor-driven vehicle or motor-driven equipment. Third, it could refer to personal injury and death where the employee would be personally liable to the claimant according to Texas law. Employing established rules of statutory construction, we look to the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence. *See* J.G. Sutherland, *Statutes and Statutory Construction* § 47.33 (4th ed. 1984). We conclude that the trial court's finding was correct, and the phrase "so caused" of section 101.021(2) should be interpreted as follows:

A governmental unit is liable for:

. . . . .

(2) personal injury and death [proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment] by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

This construction has previously been adopted by the Texas Supreme Court. In *Lowe v. Texas Tech Univ.,* 540 S.W.2d 297 (Tex.1976), the Supreme Court paraphrased section 101.021(2) of the Act as follows:

Each unit of government in the State shall be liable for money damages for death or personal injuries *so caused* (i.e., when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office) from some condition or some use of tangible property under circumstances where there would be private liability.

*Lowe,* 540 S.W.2d at 299 (emphasis in original); *see Salcedo v. El Paso Hosp. Dist.,* 659 S.W.2d 30, 32–33 (Tex.1983). It is clear that the Supreme Court has held the "so caused" language of section 101.021(2) to incorporate the requirement of a negligent act or omission by an "employee." None of the arguments advanced by Mitchell in her brief support the theory that a governmental unit is liable under section 101.021(2) for the conduct of anyone other than an employee, and the treating physicians were not employees of the hospital in the instant case.

## B. Ostensible Agency

Even if the treating physicians are not employees under the Act, Mitchell argues that the doctrine of ostensible or apparent agency should extend to the treating physicians as independent contractors of the hospital. However, that is not an issue in this appeal; regardless of whether non-governmental hospitals are liable for the acts of independent-contractor physicians, such liability can be imposed on governmental entities only as provided by the Act.

## C. Summary Judgment Proof

In reviewing a summary judgment, the question for the appellate court is whether the summary judgment proof established, as a matter of law, that there is no genuine issue of fact as to one or more essential elements of the plaintiff's cause of action. When a movant's summary judgment proof is sufficient as a matter of law to establish its entitlement to summary judgment, the non-movant must file a written response that apprises the movant and the trial court of the issues the non-movant contends defeat the motion for summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979); *Diaz v. Southwest Wheel, Inc.*, 736 S.W.2d 770 (Tex.App.1987, writ denied). The non-movant's reasons must be supported by summary judgment proof sufficient to establish a fact issue. *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 435 (Tex.App.1987, writ ref'd n.r.e.). In deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true, and every reasonable inference will be indulged in the non-movant's favor and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-9 (Tex.1985).

Here, the hospital, as movant and defendant, established its sovereign immunity as a matter of law. Mitchell has no cause of action against the hospital, and the trial court correctly granted summary judgment.

Mitchell's point of error is overruled, and the judgment is affirmed.