Curtis **DUMAS** and Viola Dumas, Individually as Heirs of Jeff Dumas; and as the Administrators of the Estate of Jeff Dumas, Deceased, Appellants,

v.

**MUENSTER HOSPITAL DISTRICT d/b/a Muenster Memorial Hospital, Appellee.**

**No. 2–92–189–CV.**

Court of Appeals of Texas, Fort Worth.

Aug. 17, 1993.

*v. United States*, 907 F.2d 536, 545 (5th Cir. 1990); *Commerce Fed. Sav. Bank v. FDIC*, 872 F.2d 1240, 1248 (6th Cir.1989).

David K. Line, Dallas, for appellants.

Larry Hayes, Evelyn R. Leopold, Cantey & Hanger, L.L.P., Fort Worth, for appellee.

Before LATTIMORE and DAY, JJ., and PAUL S. COLLEY, J. (Retired), Sitting by Assignment.

## OPINION

LATTIMORE, Justice.

This is an appeal from a summary judgment granted in favor of the defendant, Muenster Hospital District d/b/a Muenster Memorial Hospital (the "Hospital"), in a medical malpractice action brought by Curtis and Viola Dumas (the "Dumases"), individually and as the beneficiaries of their son Jeff Dumas ("Jeff"). In 1990, Jeff was injured while participating in a bull riding event at the Forestburg, Texas rodeo and was transported by ambulance to the Hospital. He was conscious when he arrived, but did not request any physician by name. Martin Mark Kralicke, M.D. ("Dr. Kralicke"), a family practitioner in Muenster,

Texas, was called by a nurse at approximately 10:30 p.m. to attend to Jeff. Jeff died in the Hospital emergency room later that night at 11:45 p.m. An autopsy showed that Jeff had sustained a six inch stellate fracture of the right lobe of the liver and 2,800 cc. of blood was found in the peritoneal cavity. The medical examiner listed the cause of death as blunt impact injury of the trunk with laceration of the liver and hemoperitoneum.

The Dumases raise one point of error on appeal contending the trial court erred in granting summary judgment because a fact issue remains as to whether Dr. Kralicke was an apparent agent of the hospital. We overrule the sole point of error and affirm the judgment of the trial court.

The order granting summary judgment states the summary judgment evidence "shows and reflects the absence of any genuine issue of material fact on the issue of negligence and proximate cause." However, we are presented with an unusual set of facts for a summary judgment case.

In their second amended original petition, the Dumases alleged, in pertinent part, that:

## FACTS OF THE CASE

7. Your Defendant, MUENSTER HOSPITAL DISTRICT, d/b/a MUENSTER MEMORIAL HOSPITAL, is a governmental entity created by the Texas Legislature, and maintains its principal place of business at the MUENSTER MEMORIAL HOSPITAL, 605 N. Maple, Muenster, Cooke County, Texas 76252, where service of process may be had.

. . . .

11. On the occasion in question the Defendant, MUENSTER HOSPITAL DISTRICT, d/b/a MUENSTER MEMORIAL HOSPITAL, *failed to provide adequate emergency room facilities, and while acting through its agents (actual or apparent) within the course and scope of their agency/employment, failed to diagnose and treat the injury of JEFF DUMAS.* This conduct was a proximate cause, or a concurring cause, of the

death of JEFF DUMAS, and the resulting damages set forth below.

. . . .

### CAUSES OF ACTION

10.   Your Defendant, MUENSTER HOSPITAL DISTRICT, d/b/a MUENSTER MEMORIAL HOSPITAL, *acting by and through its authorized agents, servants and employees (including emergency room nurses), who were all then acting within the course and scope of their employment,* was on the occasion in question ordinarily negligent, as that term is defined in law, and such negligence was a proximate cause, or a concurring cause, of the death of JEFF DUMAS, and the resulting damages set forth below.   [Emphasis added.]

Nowhere in the petition does it state specifically that the Dumases sought to hold the Hospital liable for the negligent acts of Dr. Kralicke as an apparent agent of the Hospital.   We also note that elsewhere in the course of the lawsuit, specifically in the Dumases' response to the Hospital's motion for summary judgment, where the Dumases did seek to hold the Hospital liable for the negligent acts of other parties, *i.e.,* nurses, their language was more definite: "The summary judgment evidence is that the single intravenous line was placed by a nurse of the hospital, and, therefore, negligence of the hospital can be established through respondeat superior."   However, because the Hospital made little argument regarding the sufficiency of the pleadings to raise the issue of the Hospital's negligence by virtue of the acts of Dr. Kralicke as an agent, other than bold statements that no pleading existed, we will not reach this issue and will assume the emphasized language from such pleadings set forth above was adequate.

The Hospital's motion for summary judgment went to the merits of whether or not the Hospital and its staff used the proper standard of care in its treatment of Jeff.   The Dumases' response to the motion was both to the Hospital and Dr. Kralicke, who had also filed a separate motion for summary judgment, and alleged the Hospital

had failed to provide adequate emergency room facilities and had failed to diagnose and treat the injury of Jeff which was a proximate cause of Jeff's death.   The response also alleged facts regarding the care and treatment provided by Dr. Kralicke.   So, we can safely state that the Hospital's motion for summary judgment, the Dumases' response to the motion for summary judgment and the order granting summary judgment do not address the negligence of the Hospital based upon the acts of Dr. Kralicke as an agent of the Hospital, although such was arguably raised by the pleadings.

■   On appeal, the Hospital responds to the Dumases' agency argument with the fact that it cannot possibly be liable for the acts of Dr. Kralicke as an agent because the Hospital, as a governmental entity, is subject to the Texas Tort Claims Act's limited governmental immunity.   *See* TEX.CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986).   Section 101.021 provides that for a governmental entity to be liable for the personal injury or death of an individual that it can only be through the acts of its employees.   *See id.; Salcedo v. El Paso Hosp. Dist.,* 659 S.W.2d 30, 32–33 (Tex. 1983) (decided under TEX.REV.CIV.STAT.ANN. art. 6252–19, predecessor to TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986)).   The *Salcedo* court held: "the proximate cause of the damages for death or personal injury must be the negligence or wrongful act or omission of the ... *employee* acting within the scope of his employment or office."   *Salcedo,* 659 S.W.2d at 33 (emphasis added).

Other courts support this proposition as well.   *See Mitchell v. Shepperd Memorial Hosp.,* 797 S.W.2d 144 (Tex.App.—Austin 1990, writ denied); *Harris v. Galveston County,* 799 S.W.2d 766 (Tex.App.—Houston [14th Dist.] 1990, writ denied).   In fact, the plaintiff in *Mitchell,* attempting to hold a hospital negligent for the acts of a treating physician by virtue of the doctrine of ostensible agency, argued that a portion, but not all, of section 101.021 required the acts of an employee.   *Mitchell,* 797 S.W.2d at 146.   The court specifically disagreed

and held that the entire section requires a negligent act or omission by an employee. *Id. See also Harris,* 799 S.W.2d at 768 (section 101.021 requires an injury be caused by the wrongful act or negligence of an employee acting within the scope of his employment with the governmental entity).

■ The affidavit of Dr. Kralicke states that he is engaged in family practice in Muenster, Texas, maintains an office in the city and has *staff privileges* at the Hospital as well as at other area hospitals. "Generally, a physician is considered to be an independent contractor with regard to hospitals at which he has staff privileges." *Harris,* 799 S.W.2d at 768 (citations omitted). *Compare Mitchell,* 797 S.W.2d at 147 (regardless of whether non-governmental hospitals may be liable for acts of independent-contractor physicians, such liability can only be imposed on governmental entities by statute). An independent contractor is not an employee by definition found in the applicable statute.[1] *See* Tex.Civ. Prac. & Rem.Code Ann. § 101.001(1) (Vernon 1986).

The point of error raised by the Dumases is of no consequence because they do not have a cause of action against the Hospital based upon apparent agency as a matter of law due to the immunity provided by statute. Moreover, the Dumases did not allege or attempt to prove Dr. Kralicke was an employee or contradict his staff privileges status. The Dumases' sole point of error is overruled.

The judgment of the trial court is affirmed.

---

1. Section 101.001(1) provides that "Employee means a person ... who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor...." Tex.Civ.Prac. & Rem.Code Ann. § 101.-001(1) (Vernon 1986).