Daniel M. BROWN and Sharon Brown, Individually and as Next Friend of Michael David Hobbs, Appellants,

v.

MONTGOMERY COUNTY HOSPITAL DISTRICT, d/b/a Medical Center Hospital, Appellee.

No. 09–94–021 CV.

Court of Appeals of Texas, Beaumont.

Submitted May 25, 1995.

Decided Aug. 31, 1995.

Linda G. Cryer, Houston, for appellants.

Timothy D. Riley, Floyd, Taylor & Riley, Ralph Burnham, Floyd, Taylor & Riley, Houston, for appellee.

Before WALKER, C.J., and STOVER and BURGESS, JJ.

## OPINION

STOVER, Justice.

This is a summary judgment case. Daniel M. Brown and Sharon Kay Brown, Individually and as Next Friend of Michael David Hobbs, filed their original medical malpractice action against Jerry Bettinger, M.D., and Medical Center Hospital on September 11, 1992. The suit against Medical Center Hospital was severed from the original cause of action and on October 5, 1993, the trial court granted appellee's motion for summary judgment. From the granting of appellee's summary judgment this appeal ensues.

On September 12, 1990, appellant Sharon Brown went to the emergency room of Medical Center Hospital complaining of an extreme headache, vomiting, nausea, and double vision out of her right eye. Dr. Bettinger performed three separate spinal taps on the appellant. Upon Dr. Bettinger's insertion of the spinal needle a second time, appellant experienced excruciating pain in her lower back and down the back of her entire left leg to her feet. When the doctor was finally able to remove the needle, it was bent. Then a third needle was inserted and removed. Ultimately, appellant received a diskectomy and laminectomy in April of 1991, and a second laminectomy was performed in February

1993. *See Brown v. Bettinger,* 882 S.W.2d 953 (Tex.App.—Beaumont 1994, no writ).

Appellee Montgomery County Hospital District asserts that it is a governmental unit of the State of Texas, d/b/a Medical Center Hospital (mistakenly sued as a separate legal entity). As such, appellee further asserts that it cannot be held liable for the actions of an independent contractor, such as Dr. Bettinger, as a matter of law.

Appellants' first point of error contends:

The Court erred in granting Appellee, MEDICAL CENTER HOSPITAL'S Motion for Summary Judgment because there is a genuine issue of material fact as to whether Appellee is vicariously liable under the theory of ostensible or apparent agency for the acts and omissions of Defendant, JERRY BETTINGER, M.D., a physician practicing medicine in Appellee's emergency room.

Point of error two states:

The Court erred in granting Appellee, MEDICAL CENTER HOSPITAL'S Motion for Summary Judgment because there is a genuine issue of material fact as to whether Appellee was negligent for failing to supervise, control or otherwise review treatment by Defendant, JERRY BETTINGER, M.D., as pled in a separate cause of action in Plaintiffs' Second Amended Original Petition.

Point of error three states:

The Court erred in granting Appellee, MEDICAL CENTER HOSPITAL'S Motion for Summary Judgment because there is a genuine issue of material fact as to whether Appellee is a governmental unit of the State of Texas.

█ At the outset of this decision, the status of the appellee must be resolved. We will, therefore, first address point of error three. Montgomery County Hospital District is a governmental unit of the State of Texas, created pursuant to statute, Act of May 25, 1977, 65th Leg., R.S., ch. 258, 1977 Tex. Gen. Laws. 678–687. TEX.REV.CIV.STAT. ANN. art. 4494q (Vernon Pamph.1995). The affidavit attached to appellee's motion for summary judgment states that "Montgomery County Hospital District is a political subdi-

vision of the State of Texas." Appellants, in their response to the motion for summary judgment, raise no protest or complaint that Montgomery County Hospital District is not a hospital district created by statutory authority. Moreover, in the order granting the summary judgment, appellee is found by the trial court to be "Montgomery County Hospital District, a governmental unit of the State of Texas, d/b/a Medical Center Hospital (mistakenly sued as a separate legal entity)." Nor have appellants furnished to this Court authorities declaring that the hospital is not a governmental unit. TEX.R.APP. 74(f). We hold that the appellee is a governmental unit and political subdivision of the State of Texas. Point of error three is overruled.

Since appellee has established its status as a county hospital district and a political subdivision of the state protected by sovereign immunity, the Browns are required to come forward with sufficient evidence to bring the suit within one or more of the statutory waiver provisions of the Texas Torts Claims Act ("Act") in order to avoid summary judgment on the grounds of sovereign immunity. TEX.CIV.PRAC. & REM.CODE ANN. § 101.001, et seq. (Vernon 1986 & Supp.1995). To that end, appellants argue that appellee is vicariously liable under the theory of ostensible or apparent agency for the acts and omissions of Dr. Bettinger. The Browns further contend that appellee was negligent on the occasion in question for failing to supervise, control, or otherwise review treatment of Ms. Brown by Dr. Bettinger. Neither of those theories, as stated in appellants' points of error one and two, however, brings the suit within the statutory waiver provisions of the "Act".

■ We now address point of error one. As a governmental unit, Montgomery County Hospital District generally has absolute immunity as to tort claims. *Wheeler v. Yettie Kersting Memorial Hosp.*, 866 S.W.2d 32, 45 (Tex.App.—Houston [1st Dist.] 1993, no writ). Under the doctrine of sovereign immunity, the State is not liable for the negligence of its employees absent constitutional or statutory provision for liability. *Univ. of*

*Tex. Medical Branch v. York*, 871 S.W.2d 175 (Tex.1994).

■ In 1969 the Texas legislature limited the doctrine of sovereign immunity by enacting the Texas Tort Claims Act, which waives governmental immunity in certain prescribed circumstances. *See York*, 871 S.W.2d at 177. TEX.CIV.PRAC. & REM.CODE ANN. § 101.001 et seq. (Vernon 1986 & Supp.1995). Section 101.021 of the "Act" sets out the waiver of immunity by providing that a governmental unit is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

   (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

   (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). The statute, thus, waives governmental immunity in three general areas: use of publicly-owned vehicles, premises defects, and injuries arising from conditions or use of property.

In the instant case, appellee moved for summary judgment on its affirmative defense of sovereign immunity. Relying on the limited waiver of immunity under the Texas Torts Claims Act, the hospital district alleges that it may only be held liable for property damage, personal injury, and death proximately caused by use or misuse of tangible or real property by an *employee* of the district acting within the course and scope of his employment. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021. Appellee's claim is that Dr. Bettinger was not an employee at the time of the occurrence. If he was not an employee, then the hospital district has not waived its immunity under the Texas Torts Claims Act.

The Fort Worth, Houston (14th), and Austin courts of appeal have all construed Section 101.021 to mean that a governmental entity can only be liable for the personal injury or death of an individual through the acts of its employees. *Dumas v. Muenster Hosp. Dist.*, 859 S.W.2d 648, 650 (Tex.App.—Fort Worth 1993, no writ); *Harris v. Galveston County*, 799 S.W.2d 766, 768 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Mitchell v. Shepperd Memorial Hosp.*, 797 S.W.2d 144 (Tex.App.—Austin 1990, writ denied). In *Mitchell*, 797 S.W.2d at 146–147, the Austin court specifically held that the entire Section 101.021 (parts 1 and 2) of the Texas Torts Claims Act requires a negligent act or omission by an employee, and that, by definition, an employee is not an independent contractor. An "employee" is defined in the Act as:

> [A] person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, *but does not include an independent contractor* ... (emphasis added).

TEX.CIV.PRAC. & REM.CODE ANN. § 101.001(1).

■ No one disputes the fact that Dr. Bettinger is an independent contractor. Indeed, a physician is generally considered to be an independent contractor with regard to hospitals at which a physician has staff privileges. *Harris*, 799 S.W.2d at 768. Appellee recites the fact that Dr. Bettinger is an independent contractor in the affidavit attached to its motion for summary judgment. Appellant does not contest the independent contractor status. What appellant alleges, however, is that Dr. Bettinger is an ostensible agent of the hospital, and, as a result of that relationship between the hospital and Bettinger, the hospital is vicariously liable for Dr. Bettinger's acts of negligence in his treatment of Ms. Brown. In non-governmental hospitals, the doctrines of ostensible agent and vicarious liability have been used to hold a hospital liable for the negligent acts of its independent contractor physicians. *Baptist Memorial Hosp. System v. Smith*, 822 S.W.2d 67, 74–76 (Tex.App.—San Anto-

nio 1991, writ denied); *Smith v. Baptist Memorial Hosp. System*, 720 S.W.2d 618, 622–23 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.); *Brownsville Medical Center v. Gracia*, 704 S.W.2d 68, 74–75 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Regardless, however, of the fact that non-governmental hospitals have been found liable for the acts of independent contractor physicians under the ostensible agent theory, such liability cannot be imposed on governmental entities. *Dumas*, 859 S.W.2d at 650–651; *Mitchell*, 797 S.W.2d at 147. Point of error one is overruled.

■ In their second point of error, appellants allege that there is a genuine issue of material fact as to whether Medical Center Hospital was negligent for failing to supervise, control, or otherwise review treatment by Dr. Bettinger. Since the hospital/hospital district is a governmental unit and is protected by sovereign immunity, the hospital is not liable for damages unless the alleged negligence on the part of the hospital falls within the statutory waiver of immunity. *See Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 31 (Tex.1983). Appellants do not indicate in point of error two how the hospital has waived its immunity—whether in the use of publicly-owned vehicles, premises defects, or injuries arising from conditions or use of property. As briefed, the allegations of failure to supervise do not fall within any of the three categories in which governmental immunity is waived. *McCord v. Memorial Medical Center Hosp.*, 750 S.W.2d 362, 363 (Tex.App.—Corpus Christi 1988, no writ). Point of error two is overruled.

Having overruled all appellants' points of error, the judgment of the trial court is affirmed.