NUMBER 13-00-210-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


PAULA CLEMONS, THE ESTATE OF ROBERT CLEMONS, CHAD

AARON CLEMONS, DAVID ERIC CLEMONS AND ROBYN RENEE

CLEMONS FAUPEL, Appellants,


v.


CITIZENS MEDICAL CENTER, Appellee.

__________________________________________________________________


On appeal from the 267th District Court of Victoria County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Yañez

Appellants Paula Clemons, individually and as next friend of Charles Ryan Faupel, a minor; Chad Aaron Clemons; David
Eric Clemons and Robyn Renee Clemons Faupel, individually and as next friend of Charles Ryan Faupel, a minor; brought
suit against Citizens Medical Center ("CMC") and several other defendants. (1) CMC filed a motion for summary judgment
and severance, which was granted. With two issues, appellants challenge the granting of the summary judgment. We
affirm.

Background

Appellants filed suit on July 9, 1998, alleging several causes of action arising from alleged medical negligence which
resulted in the death of Robert Clemons. Appellants alleged that Clemons had been admitted to CMC and had been treated
by the doctor defendants. CMC filed a motion for summary judgment on December 1, 1999. Appellants responded to
CMC's motion for summary judgment on January 6, 2000, by filing a response to CMC's motion and a separate motion for
continuance of the hearing on the motion for summary judgment. On January 14, 2000, the trial court granted the summary
judgment, dismissing, with prejudice, all of the appellants' claims and severing all of the appellants' claims into a new cause
of action.

Appellants challenge the summary judgment with two issues on appeal. With their first issue, appellants argue that the trial
court erred by denying their motion for continuance. Appellants argue in their second issue that the trial court erred by
granting the summary judgment. We will address the summary judgment issue first.

The Summary Judgment

In their second issue on appeal, appellants argue that the trial court erred by granting a no-evidence summary judgment
prior to the completion of discovery. A no- evidence summary judgment is restricted in that it cannot be granted prior to
the passage of an "adequate time for discovery." Tex. R. Civ. P. 166a(i); Crow v. Rockett Special Util. Dist., 17 S.W.3d
320, 328 (Tex. App.-Waco 2000, pet. denied). This time restriction does not apply to a traditional motion for summary
judgment. Tex. R. Civ. P. 166a(b). CMC argues that the summary judgment was not a no-evidence summary judgment,
although it was "inartfully drafted in that it alleged that it was filed under the 'no evidence' provision of Rule 166a(i)."
CMC contends that the summary judgment motion was actually a traditional motion for summary judgment, with the
"no-evidence" language being based on the affirmative defense of sovereign immunity. The motion was supported with an
affidavit.

To determine if the trial court erred by granting the summary judgment prior to the discovery cutoff date, we must first
determine whether this is a traditional motion for summary judgment, or a no-evidence summary judgment under Texas
Rule of Civil Procedure 166a(i). If the summary judgment is a traditional summary judgment, then the discovery deadline
would have no impact on the court's decision to grant the judgment.

No-Evidence Summary Judgment

A no-evidence summary judgment is based on the ground that the opposing party has no evidence of one or more essential
elements of a claim or defense on which the opposing party has the burden of proof at trial. Tex. R. Civ. P. 166a(i). A
party may move for a no-evidence summary judgment after an "adequate time for discovery." Id. The moving party cannot
attach evidence to the motion. See id.; Crow, 17 S.W.3d at 328; Ethridge v. HCEC, 995 S.W.2d 292, 295 (Tex.
App.-Houston [14th Dist.] 1999, no pet.). CMC's motion was supported by an affidavit stating that CMC is a
governmental entity. (2)

CMC's motion alleged that it was entitled to the defense of sovereign immunity as a governmental unit. Before a hospital
may invoke the doctrine of sovereign immunity, it must establish its status as a division of the state. See Brown v.
Montgomery County Hosp. Dist., 905 S.W.2d 481, 483 (Tex. App.-Beaumont 1995, no writ); McCord v. Mem'l Med. Ctr.
Hosp., 750 S.W.2d 362, 363 (Tex. App.-Corpus Christi 1988, no writ). Therefore, a claim of sovereign immunity should
not be raised in a no-evidence summary judgment under rule 166a(i), because a summary judgment based on sovereign
immunity must have supporting evidence attached, as the summary judgment in this case did. We conclude that CMC's
summary judgment, despite its "inartful drafting," was a traditional summary judgment. 

Traditional Summary Judgment

In a traditional summary judgment proceeding, a movant bears the burden of showing that no genuine issue of material fact
exists and judgment should be granted as a matter of law. American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425
(Tex. 1997); Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). The question on appeal is
not whether the summary judgment proof raises fact issues as to the required elements of the movant's cause or claim, but
whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one
or more elements of the nonmovant's cause or claim. Gibbs v. Gen. Motors Corp., 450 S.W.2d 827, 828 (Tex.
1970);Noriega v. Mireles, 925 S.W.2d 261, 266 (Tex. App.--Corpus Christi 1996, writ denied). In resolving the issue of
whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all
reasonable inferences, including any doubts, must be resolved in the non-movant's favor. Nixon, 690 S.W.2d at 548-49;
Noriega, 925 S.W.2d at 266. If a summary judgment order does not specify the ground or grounds relied on for the ruling,
summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. State Farm Fire and
Casualty Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). In the case now before this Court, the summary judgment order
does not specify the grounds upon which the order relied, therefore we must consider the grounds contained in the motion
for summary judgment to determine if any were meritorious. See id. 

CMC raised four grounds in its motion, contending that: 1) all of appellants' allegations involve the practice of medicine,
and CMC, as a hospital, cannot practice medicine; 2) the doctors who treated the deceased were all independent
contractors, for whom CMC has no liability; 3) CMC is a governmental unit and appellants failed to plead a waiver of
CMC's sovereign immunity; and 4) appellants failed to timely notify CMC of their claim. (3) In their appellate brief, CMC
has waived the notice argument.

Sovereign Immunity

As discussed above, CMC argued that it was entitled to sovereign immunity. CMC attached the affidavit of its
administrator, David Brown. The affidavit states that CMC is a county hospital, wholly owned and operated by Victoria
County. Appellants do not dispute CMC's status as a governmental unit.

As a governmental unit, CMC is protected by sovereign immunity from tort claims, absent a constitutional or statutory
waiver of immunity. University of Texas Med. Branch v. York, 871 S.W.2d 175, 177 (Tex. 1994). Sovereign immunity has
been waived for personal injury and death caused by the negligence of a governmental employee if the injury or death
arises from: 1) operation or use of a motor-vehicle or motor-driven equipment; 2) a condition of real property; or 3) use of
tangible personal property. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997).

Brown's affidavit states that the defendant doctors in this case are not employees of CMC, had no employment contract
with CMC, CMC did not bill for doctors' services, and CMC did not direct or control the doctors' services. According to
the affidavit, CMC has a policy that all physicians who practice at CMC control the diagnosis and treatment of their
patients, set their own fees, maintain their own records, and assume responsibility for their own malpractice insurance. The
affidavit is sufficient to establish that the defendant doctors were not employees of CMC, but rather were independent
contractors. Drennan v. Comty. Health Inv. Corp., 905 S.W.2d 811, 819 (Tex. App.-Amarillo 1995, writ denied).
Appellants brought forth no evidence to counter CMC's summary judgment evidence showing the doctors to be
independent contractors.

An independent contractor is not an employee for purposes of the waiver of sovereign immunity. Tex. Civ. Prac. & Rem.
Code Ann. § 101.001 (Vernon 1997); Mitchell v. Shepperd Mem. Hosp., 797 S.W.2d 144, 145 (Tex. App.-Austin 1990,
writ denied). Because the doctors are not governmental employees, CMC is immune from the claims arising out of the
alleged negligence of the defendant doctors.

Although CMC is immune for the actions of the doctors, appellants also raised claims concerning the nursing staff at CMC.
(4) CMC offered no summary judgment evidence of the employment status of the nursing staff; therefore, we infer that they
were employees. See Nixon, 690 S.W.2d at 548-49 (all reasonable inferences resolved in favor of non-moving party); see
also Noriega, 925 S.W.2d at 266(same). The paragraph alleging negligence by the nursing staff alleges that defendants
failed to adhere to acceptable standards of nursing care by failing to: properly observe changes in the deceased's condition
and alert a physician; properly assess the deceased's needs and evaluate his condition; implement a proper course of nursing
care; document a significant change in the deceased's symptoms on the medical chart; recognize the adverse effects of
medication administered by the staff; competently carry out orders given by the physicians treating the deceased.

None of the allegations concerning the nursing staff implicate the use of tangible personal property, but rather involve
failures in conduct. The supreme court has explicitly held that the failure to record information on a medical chart does not
constitute use of tangible property. York, 871 S.W.2d at 178-79. 

We find that CMC established its entitlement to sovereign immunity. Appellants have failed to show any waiver of CMC's
immunity. The trial court did not err by granting summary judgment in favor of CMC. Issue number two is overruled.

The Motion for Continuance

With their first issue, appellants argue that the trial court erred by denying their motion for continuance. Appellants filed
the motion to postpone the hearing on CMC's motion for summary judgment. This motion was implicitly overruled when
the trial court heard the motion for summary judgment without continuing it. 

The granting or denial of a motion for continuance is within the trial court's sound discretion. Villegas v. Carter, 711
S.W.2d 624, 626 (Tex. 1986). We will not reverse the trial court's actions unless the record discloses a clear abuse of
discretion. Id. A trial court abuses its discretion if it acts arbitrarily, unreasonably or without reference to any guiding
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985). An abuse of discretion is not
demonstrated merely by the fact that a trial judge decided a matter differently than an appellate judge in similar
circumstances, the test is whether the trial judge's action was arbitrary and unreasonable. Id.

In the summary judgment context, it is generally not an abuse of discretion to deny a motion for continuance if the party
moving for continuance has received the twenty-one days' notice required by rule 166a(c) of the Texas Rules of Civil
Procedure. Dallas Indep. Sch. Dist. v. Finlan, 27 S.W.3d 220, 234-35 (Tex. App.-Dallas 2000 pet. denied); White v.
Mellon Mortgage Co., 995 S.W.2d 795, 803 (Tex. App.-Tyler 1999 no pet.); McAllister v. Samuels, 857 S.W.2d 768, 773
(Tex. App.-Houston [14th Dist.] 1993, no writ). Factors considered when determining whether a trial court has abused its
discretion by denying a motion for continuance of a summary judgment hearing include 1) the length of time the case was
on file; 2) the materiality of the discovery sought; and 3) whether due diligence was used in obtaining discovery. Holguin
v. Ysleta Del Sur Pueblo, 954 S.W.2d 843, 854 (Tex. App.-El Paso 1997, writ denied); Levinthan v. Kelsey-Seybold Clinic,
902 S.W.2d 508, 510 (Tex. App.-Houston [1st Dist.] 1994, writ denied). When considering a continuance request, a trial
court can presume that a plaintiff has investigated its case prior to filing the petition. Finlan, 27 S.W.3d at 235; White, 995
S.W.2d at 804; McAllister, 857 S.W.2d at 773.

In Holguin, the El Paso Court of Appeals found the second factor to be dispositive. Holguin, 954 S.W.2d at 854. 
InHolguin, the plaintiff brought suit against a federally recognized Indian tribe. Id. at 845. The tribe argued that it was
protected by tribal sovereign immunity. Id. The El Paso court held that "[f]urther discovery would not have been material
to the legal issue on which the trial court granted summary judgment; the inability of a private plaintiff under the Texas
Dram Shop Act to bring suit for money damages against a federally recognized Indian tribe." Id. at 854. Similarly, we find
this factor dispositive in the case now before us. Further discovery would not have been material to the legal issue of
CMC's entitlement to sovereign immunity. Issue number one is overruled.

The judgment of the trial court is AFFIRMED.







 

LINDA REYNA YAÑEZ

Justice





Publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

9th day of August, 2001.

1. The other defendants named in appellants' suit were: James K. Fuller, M.D., individually and as James K. Fuller, M.D.,
P.A.; James Record, M.D.; Dakshesh-Kumar Parikh, M.D.; Boniface Gbalazeh; Emergency Health Services Associates,
P.A., a/k/a EMCARE; Gulshan K. Minocha, M.D.; John P. Soule, M.D.; and Dennis Tobin.

2. The affidavit in question was that of the hospital's administrator, David Brown. Appellants argue that Brown's affidavit
is conclusory and, therefore, not competent summary judgment evidence. See Brownlee v. Brownlee, 665 S.W.2d 111, 112
(Tex. 1984). We do not find the affidavit conclusory. In the affidavit, Brown states facts known to him personally.

3. A governmental unit is entitled to notice of a claim within six months of the incident giving rise to the claim. Tex. Civ.
Prac. & Rem. Code Ann. § 101.101 (Vernon 1997).

4. Appellants filed an amended petition four days prior to the summary judgment hearing, in which they added allegations
specifically designed to comport with the pleading requirements necessary to overcome sovereign immunity. CMC argues
that these pleadings were untimely and should not be considered. See Tex. R. Civ. P. 63. We do not here rule upon the
timeliness of the amended petition; however, in the interest of justice we are considering the amended petition, which
includes all the allegations of the original petition.