**Opinion issued March 27, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-13-00314-CV**

———————————

**EUGENE ELDRIDGE AND RAYMOND PERRY, Appellants**

**V.**

**BRAZORIA COUNTY, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 69510**

---

**MEMORANDUM OPINION**

Eugene Eldridge and Raymond Perry appeal the trial court's judgment dismissing their premises-liability suit against Brazoria County. In four issues, Eldridge and Perry assert that the trial court erred by granting the county's plea to

the jurisdiction and complain that the trial court should have granted their motion to compel discovery related to jurisdictional issues.

We reverse and remand.

## Background Summary

On September 6, 2012, Eugene Eldridge and Raymond Perry (hereinafter, "Appellants") filed suit against Brazoria County ("the County") arising from an automobile accident that occurred on a county-owned road. In their first amended petition, Appellants made the following factual allegations:

> The bridge on CR 128 was torn out to be rebuilt or to be replaced. The County posted warning signs for the hazardous condition posed by the missing bridge. On April 20, 2012, the area experienced severe storms, with gusting winds. All warning signs were blown over, or lost in the storm. The County was notified of the dangerous condition posed by the bridge being removed, and the absence of warnings. Thin barricades were placed at the immediate entrance to the pit, but no warnings were posted along the road to give drivers advance notice of the bridge being out.

> On April 23, 2012, Plaintiffs were driving on CR 128. There were no advance warning signs. Plaintiffs did not know that the bridge was out. Plaintiffs saw the barricades only immediate to colliding with them. Plaintiffs were unable to stop before pitching over the embankment and onto the stream bed below.

> Plaintiff K.C. Eldridge was driving. Plaintiff Perry was a passenger in the vehicle. Both plaintiffs were severely injured in the wreck.

2

Appellants claimed that the County was negligent because it had failed "to provide any warning of the hazardous condition of the premises defect created by the removal of the bridge" and "by the debris remaining from [its] removal." Appellants also alleged that the County was negligent because it failed "to replace road signs, or warning devices after notice and within a reasonable time."

When it answered the suit, the County asserted that it was entitled to governmental immunity against Appellants' claims. It averred that "nothing in the Texas Tort Claims Act or any other statute waives defendant's immunity." In their petition, Appellants averred that the County's immunity was waived pursuant to section 101.0121 of the Tort Claims Act because Appellants' injuries arose from a premises defect located on County property.

Seeking dismissal of Appellants' suit, the County filed a plea to the jurisdiction. It asserted that, under section 101.0121, a government entity will be liable for personal injuries only when caused by the acts or omissions of the entity's employees. The County asserted that an independent contractor, hired by the Texas Department of Transportation ("TxDOT"), had been retained to complete the bridge reconstruction project.

In support of its plea to the jurisdiction, the County offered the "Advance Funding Agreement" signed by the County and by TxDOT. The agreement stated that federal funding was being provided to assist states in replacing deficient

3

bridges, including bridges owned by local governments. It was pursuant to this agreement that the county-owned bridge on CR 128, where Appellants' accident occurred, was replaced. The agreement provided that TxDOT would "advertise for construction bids, issue bid proposals, receive and tabulate the bids and award and administer the contract for the construction of the Project. Administration of the contract includes the responsibility for the construction engineering . . . ." The County also pointed to a provision, which reads: "The parties to this Agreement agree that no party is an agent, servant, or employee of the other party and each party agrees it is responsible for its individual acts and deeds as well as the acts and deeds of its contractors, employees, representatives, and agents."

In its plea, the County asserted, "The attached evidence clearly demonstrates that the work being done on the bridge was under the care, custody, and legal control of someone not an employee of Brazoria County." The County claimed that the evidence showed that it was not liable under section 101.0121 of the Tort Claims Act because Appellants' injuries were not caused by the acts or omissions of the County's employees.

After the County filed its plea to the jurisdiction, Appellants filed their second amended in petition. Appellants added an assertion that the missing bridge on CR 128 was not only a premises defect but also constituted a special defect of which the County had knowledge.

4

Appellants also responded to the County's plea to the jurisdiction. They asserted that the County "failed to post warning signs of a bridge that had been removed for reconstruction." Appellants noted that it was undisputed that the County owned the bridge. Appellants emphasized their claim that the missing bridge constituted a special defect. They asserted, "A landowner is responsible for warning of special defects." Appellants averred, "The Texas Legislature has specifically waived sovereign immunity for special defects."

Appellants also claimed that the County had provided "safety and traffic controls" to warn of the missing bridge. Appellants asserted that the County had been notified that the traffic controls were blown away by a storm and that the County had nonetheless failed to replace the controls. In support of this claim, Appellants offered the affidavit of a resident who lived near the bridge. The affidavit, however, indicates that the traffic control devices had been erected by the construction company not by the County. The resident also stated that he had discussed the deficiencies of the traffic control devices with TxDOT and the construction company. The affidavit does not indicate that the resident discussed the deficiencies with the County.

The trial court granted the County's plea to the jurisdiction and signed an order dismissing Appellant's suit against the County.[1] This appeal followed.

## Plea to the Jurisdiction

In their first three issues, Appellants assert that the trial court erred by granting the County's plea to the jurisdiction.

### A. Standard and Scope of Review

A plea to the jurisdiction seeks to dismiss a case for want of jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). When reviewing whether a plea was properly granted, we first look to the pleadings to determine if jurisdiction is proper, construing them liberally in favor of the plaintiffs and looking to the pleader's intent. *Id.* at 226. The allegations found in the pleadings may either affirmatively demonstrate or negate the court's jurisdiction. *Id.* at 226–27. If the pleadings do neither, it is an issue of pleading sufficiency and the plaintiff should be given an opportunity to amend the pleadings. *Id.*

"[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve

---

[1] Appellants assert that the trial court held a hearing on the plea to the jurisdiction and on Appellants' motion to compel discovery, which related to the jurisdictional dispute. However, no record from the hearing has been filed in this Court. The clerk's record contains an order signed by the trial court granting the County's plea and dismissing Appellants' suit; however, the record does not contain a written order denying the motion to compel discovery.

the jurisdictional issues raised," even when those facts may implicate the merits of the cause of action. *Id.* at 227. When the evidence creates a fact issue regarding the jurisdictional issue, then it is for the fact-finder to decide. *Id*. at 227–28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id*. at 228. In considering this evidence, we "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*

## B. Governmental Immunity

Generally, the doctrine of governmental immunity protects political subdivisions, such as counties, from suit and liability. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Immunity from suit, as distinguished from immunity from liability, deprives a trial court of subject-matter jurisdiction unless the government has consented to being sued. *Miranda*, 133 S.W.3d at 224; *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The governmental entity's consent to suit allows the trial court to exercise jurisdiction over the lawsuit. *See Jones*, 8 S.W.3d at 638. A plaintiff bears the burden to affirmatively demonstrate a trial court's jurisdiction by alleging a valid waiver of immunity, which may be either by a reference to a statute or by express legislative permission. *Id.*

7

## C.     Waiver of Immunity under the Tort Claims Act

The Texas Tort Claims Act waives a governmental entity's immunity from suit on all claims for which it waives immunity from liability. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.025 (Vernon 2011). Section 101.021 has been interpreted to waive governmental immunity in three general areas: (1) use of publicly owned automobiles, (2) premises defects, and (3) injuries arising out of conditions or use of property. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000).

Section 101.021 reads as follows:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

> (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021 (Vernon 2011).

8

In their petition, Appellants pleaded a negligence cause of action based on ordinary premises defect and on special defect. Citing subsection 101.021(2), Appellants alleged that their personal injuries were caused by a dangerous property condition, the missing bridge, of which the County, as property owner, failed to warn them.

The County argues that Appellants' pleadings and the jurisdictional evidence establish that subsection (2) does not waive the County's immunity because Appellants' personal injuries were not caused by an act of a County employee. In support of its position, the County points to the language in subsection (1), which provides that a governmental entity may be liable for personal injury "proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment." The County avers that this language applies to claims asserted under both subsection (1) and subsection (2), including premises-liability claims. Based on this language, the County maintains that a governmental entity can only be liable for the personal injury of an individual through the acts of its employees.

The County asserts that Appellants' pleadings are fatally flawed because they fail to allege that their personal injuries were caused by an act of a County employee. The County also avers that the jurisdictional evidence conclusively

9

establishes that Appellants' injuries were not caused by an act or omission of the County's employee.

In making its argument, the County relies on the funding agreement for the bridge reconstruction project. The County focuses on the provision stating that TxDOT "shall advertise for construction bids, issue bid proposals, received and tabulate the bids and award and administer the contract for the construction of the Project." The County points out that the agreement states, "Administration of the contract includes the responsibility for the construction engineering and for the issuance of any change orders, supplemental agreements, amendments, or additional work orders, which may become necessary subsequent to award of the construction contract." The County further notes that the parties agreed that "no party is an agent, servant, or employee of the other party and each party agrees it is responsible for its individual acts and deeds as well as the acts and deeds of its contractors, employees, representatives, and agents."

The County also relies on the affidavit of the local resident offered by Appellants. In the affidavit, the resident stated that he had spoken to a representative of TxDOT regarding "traffic concerns and signs." In its brief, the County avers that the affidavit "provides further evidence that the entity whose employees were responsible for any acts was TXDOT." The County asserts that this evidence is significant because it serves to show that Appellants' injuries were

10

not caused by an act of a County employee, a jurisdictional fact that the County claims is required before Appellants may pursue their premises-liability claim against the County.

On appeal, Appellants assert that, when, as here, a claim is based on a premises defect, subsection 101.021(2) does not require an allegation that the personal injuries suffered were caused by an act or an omission of a governmental entity's employee as stated in subsection (1). We agree with Appellants.

A reading of subsections (1) and (2) reveals that each provision contains separate and distinct prerequisites before governmental immunity is waived. *See Ybarra v. Cnty. of Hidalgo*, 362 S.W.3d 129, 132 (Tex. App.—San Antonio 2011, no pet.). Under subsection (1), a governmental unit is liable if an employee negligently operated or used a motor vehicle and "the employee would be personally liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1); *see also DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 653 (Tex. 1995). Under subsection two, a governmental unit may be liable for the use or condition of tangible personal property or real property. *DeWitt*, 904 S.W.2d at 653. If an employee misuses tangible personal property, the governmental unit's liability is based on principles of respondeat superior. *Id.*

The Supreme Court of Texas has held, however, that liability arising from the condition of real property, unlike tangible personal property, is not dependent

11

on principles of respondeat superior. *Id.* In other words, liability in a premises-defect case is not based on the actions of the governmental unit's employee. *See DeWitt*, 904 S.W.2d at 653; *see Able*, 35 S.W.3d at 612 (rejecting TxDOT's claim that its sovereign immunity was retained because defective premises condition was not caused by TxDOT employee but was caused by acts of another agency's employee). A premises defect claim is based on the property itself being unsafe; it does not hinge on an employee's conduct. *See In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 77 (Tex. 2007) (discussing distinction between negligent activity claim and premises defect claim). Liability arising from the condition of real property derives from the duty of care owed by the governmental unit to the claimant for premises defects or special defects, as those duties are defined in section 101.022 of the Tort Claims Act.[2] *See* TEX. CIV. PRAC. & REM. CODE § 101.022 (Vernon

---

[2] Section 101.022 provides that if a claim arises from a premises defect on a toll highway, road, or street, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property. TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(c) (Vernon 2011). However, a claimant is treated as an invitee if the condition complained of is a "special defect." *Id.* § 101.022(b). When a claimant is an invitee, the owner or occupier must use reasonable care to protect the invitee from a condition on the premises that creates an unreasonable risk of harm of which the owner or occupier knew or through the exercise of reasonable care should have known. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000); *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.). If the claimant is a licensee, then the owner or occupier "must refrain from injuring a licensee willfully, wantonly, or through gross negligence; the owner or occupier who has actual knowledge of a dangerous condition unknown to the licensee must warn of or make safe the dangerous condition." *Mayer*, 278 S.W.3d at 910. Here, Appellants alleged that the County knew, or should have known, of the danger created by the missing bridge.

12

2011) ("Duty Owed: Premise and Special Defects"). Liability in premises-defect cases is not derived from the acts or omission of an employee. *See DeWitt*, 904 S.W.2d at 653; *see also Able*, 35 S.W.3d at 612. Thus, a plaintiff alleging a premises defect claim is not required to plead or to show the "wrongful act or omission or the negligence of" a governmental employee to establish a right of action under subsection 101.021(2) of the Tort Claims Act.[3]

Here, Appellants do not claim that their injuries were caused by an act or an omission of any individual. Rather, they claim that their injuries were caused by a missing bridge, which they allege is a premises defect and a special defect. In such a case, the County's liability will ultimately turn on the standard of care owed for a premises or special defect, as set out in the Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.022. Accordingly, Appellants were not required to allege, or to show, that the County is liable based on the "wrongful act or omission or the negligence of" its employee in order to pursue their premises-defect claim against the County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1).

---

[3] To support its position, the County cites three cases: (1) *Dumas v. Muenster Hosp. Dist.*, 859 S.W.2d 648, 650 (Tex. App.—Fort Worth 1993, no writ); (2) *Harris v. Galveston Cnty.*, 799 S.W.2d 766, 768 (Tex. App.—Houston [14th Dist.] 1990, writ denied); and (3) *Mitchell v. Shepperd Memorial Hosp.*, 797 S.W.2d 144, 146 (Tex. App.—Austin 1990, writ denied). The County asserts that, in each of these cases, the court "construed section 101.021 to mean that a governmental entity can only be held liable for the personal injury or death of an individual through the acts of its employees." These cases are, however, inapposite to this case. In each of the cited cases, the plaintiff's claim was based on the alleged negligent acts or omissions of an individual. The claims did not arise from a premises defect, as alleged here.

13

Based on the current record, and viewing the pleadings as we must, we conclude that Appellants have alleged sufficient jurisdictional facts to pursue their premises and special defect claims against the County. We further conclude that, as currently presented, the jurisdictional evidence contained in the record does not show, as a matter of law, that Appellants are not entitled to pursue a negligence claim based on premises or special defect under the Tort Claims Act.[4] *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE § 101.022. We hold that the trial court erred by granting the County's plea to the jurisdiction and dismissing Appellants' suit.

We sustain Appellants' issues challenging the trial court's ruling on the jurisdictional plea.[5]

---

[4] We note that, procedurally, this case is still in its early stages. By our decision today, we do not decide, nor do we imply, that Appellants will ultimately prevail on their claims against the County. Nor do we imply or decide that the County cannot successfully raise future jurisdictional challenges to Appellants' claims.

[5] In their only remaining issue, Appellants challenge the trial court's denial of their motion to compel discovery directed to the jurisdictional issues. Appellants asserted that they were unable to adequately defend against the jurisdictional plea without the discovery. Because we have decided in favor of Appellants on the jurisdictional issues, we need not reach this issue. *See* TEX. R. APP. P. 47.1.

14

## Conclusion

We reverse the judgment of the trial court and remand the case for further proceedings.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.